IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TYRONE GAMBLE                                                         PLAINTIFF

vs.                       CIVIL NO. 4:09-CV 967 JLH

CRAIN CDJ, LLC d/b/a                              DEFENDANT
CRAIN CHRYSLER DODGE JEEP

**AGREED PROTECTIVE ORDER**

Defendant, Crain CDJ, through written discovery and an oral deposition, has sought copies of a certain Release and Settlement Agreement (hereinafter the "Agreement") from the Plaintiff, which resulted from a prior settlement of another discrimination claim of the Plaintiff with Bale Honda of Little Rock. The Plaintiff has objected to the production of the requested Agreement on the grounds that one of the terms of the Agreement is that it must remain confidential and not be produced or, otherwise, disclosed to the Defendant by the Plaintiff. The parties hereto, otherwise, agree that the Agreement would be discoverable in this case. Therefore and in an effort to resolve the discovery issues and to avoid any violation of the confidentiality provision in the Agreement, the parties have agreed to this Protective Order and agreed to the production of the Agreement under the terms and conditions stated herein.

1. That the Plaintiff shall produce a copy of the Agreement to the Defendant, and the Agreement produced under this Order will be designated as confidential, and the information contained therein shall be used, at this time, only for the purpose of the Court reviewing the document as related to Defendant's Motion for Summary Judgment-Partial Summary Judgment. Both the Plaintiff and Defendant reserve their right to contend that the document may or may not be relevant or admissible at trial.

2. That the Agreement shall be so designated by stamping copies of the Agreement produced with the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." The designation on the cover of the Agreement shall designate all pages of the document as confidential, unless otherwise noted.

3. That the Agreement may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified" persons designated below:

    a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b. Court reporters employed in this action;

    c. To a witness at a deposition or other proceeding in this action to the limited extent directly relevant to that individual's testimony and with the express understanding that any portions of that testimony describing or, otherwise, addressing the Agreement will be maintained as Confidential, as well; and,

    d. Any other person to whom the parties, in writing, agree or as directed by the Court by specific order.

Prior to receiving the Agreement and reviewing same, each "qualified" person shall be provided with a copy of this Order and shall be subject to its terms and conditions.

4. Plaintiff has specifically objected to the Agreement as being admissible as an Exhibit in this case, and does not waive such objection by signing this Protective Order. Plaintiff's signing of the Agreement is, at this time, only for the Court to construe said document as related to Defendant's Summary Judgment Motion. However, that in the event that the Agreement is to

be used in any court proceedings, or in any pleadings filed with the court in this action, it shall not lose its confidential status through such use and the party using the Agreement shall protect its confidentiality, unless otherwise directed by the Court.

5. That, furthermore, the court, specifically, orders that the Agreement produced by the Plaintiff to the Defendant, if it is to be used on the record or filed with the clerk, it shall be filed under seal, unless and until such Agreement is admitted into evidence at any trial of this cause.

6. That this Order shall not be deemed to prejudice the parties hereto, in any way, nor shall any application for modification of this Order or to later seek production of any other or additional documents.

7. That this Order is Agreed to and entered into by the parties, at this time, solely for the purpose of expediting and facilitating the production and use of the Agreement as related to Defendant's Summary Judgment Motion. Nothing in this Order or the production of the Agreement under the terms and conditions of this Order or in any proceedings held herein pursuant to this Order shall be deemed to be an admission or waiver by either party of the confidentiality or non-confidentiality of the Agreement or the altering of any other obligation of any party to the Agreement. Plaintiff shall continue to honor and abide by all requirements of the Agreement except as modified for the sole purpose of this Protective Order.

8. That this Order shall survive the final termination or dismissal of this action to the extent that the Court does not lift or, otherwise, limit the application of this Order. Upon the dismissal or termination of this action, all counsel or other person in possession of the Agreements

shall ensure its continued confidentiality, unless and until the Agreement and all copies, thereof, are returned to Plaintiff, or certified to him and his counsel as destroyed.

IT IS SO ORDERED.

_____
US District Judge

_____
Date

AGREED TO:

_____
RALPH WASHINGTON
Counsel for Plaintiff
1612 Broadway St.
Little Rock, AR 72206
(501) 244-9818

_____
DAN F. BUFFORD
Counsel for Crain CDJ
101 Spring Street, Suite 300
Little Rock, AR 72201-2488
(501) 376-2981

_____
DAVID GRACE
Counsel for Bale Honda
500 E. Main Street
North Little Rock, AR 72116